UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHASE MASTERS

CASE No. 8:14-CV-684-T-30TGW

v.

DEVON SHARKEY, Asst. Public Defender
PUBLIC DEFENDER'S OFFICE
PETER BURSTEN
BAYCARE BEHAVIORAL HEALTH

## REPORT AND RECOMMENDATION

The plaintiff has filed an affidavit of indigency pursuant to 28 U.S.C. 1915, seeking a waiver of the filing fee for his complaint which alleges the violation of his civil rights (Doc. 1). Specifically, the plaintiff alleges that the defendants conspired to wrongfully have him declared "incompetent," which caused the revocation of his nursing license (id., p. 4).

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the

action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

The plaintiff's complaint (Doc. 1) fails to state a cognizable claim. Thus, the plaintiff fails to identify the specific wrongful acts of each defendant, or any factual allegations supporting a conspiracy among the defendants. In particular, defendants Peter Bursten and Baycare Behavioral Health are private actors. Therefore, in order to bring a §1983 action against them, "the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons." Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992). The plaintiff's complaint completely fails to allege contacts between the defendants that could prove the private actors and the state actors had "reached an understanding" to violate the plaintiff's rights. Id. Therefore, the complaint's purely conclusory allegations do not plead conspiracy sufficiently to allege a claim against Bursten or Baycare Behavioral Health. See id.

Furthermore, the remaining defendants appear to be the plaintiff's former counsel. However, "federal public defenders are ... immune from civil rights suits arising out of alleged malpractice." Rogozinski v. Spaulding, 330 Fed.Appx. 170, 171, 2009 WL 1259361 (11th Cir. 2009). The plaintiff fails to

allege any specific conduct by defense counsel that would overcome that immunity.

Moreover, the plaintiff appears to premise his civil rights claim upon the loss of his livelihood; thus, the crux of his complaint is that his "nursing license" was revoked due to the allegedly wrongful incompetency declaration, and the plaintiff seeks millions of dollars in damages for the loss of his nursing license (Doc. 1, p. 4). However, "the right to work in a specific profession is not a fundamental right." Helm v. Liem, 523 Fed. Appx. 643, 645 (11th Cir. 2013). Therefore, the plaintiff cannot base his civil rights claim upon the loss of his nursing license.

In sum, the plaintiff has patently failed to satisfy the requirements of Rule 8, F. R. Civ. P., because there is not a short and plain statement showing that he is entitled to some relief. Specifically, the plaintiff has failed to allege a cognizable claim against any of the defendants for conspiracy to violate his civil rights.

Consequently, the complaint fails to state a claim on which relief may be granted. §1915(e)(2)(B)(ii). However, under these circumstances, it is appropriate to allow the plaintiff an opportunity to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002)("Section

Case 8:14-cv-00684-JSM-TGW   Document 6   Filed 03/25/14   Page 3 of 4 PageID 22

1915(e)(2)(B)(ii) does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend when required by Fed.R.Civ.P. 15."). I therefore recommend that the complaint be dismissed and the Motion to Proceed In Forma Pauperis (Doc. 2) be deferred pending an opportunity for the plaintiff to file within thirty days a cognizable amended complaint that complies with the Federal Rules of Civil Procedure.

Respectfully submitted,

THOMAS G. WILSON
DATED: MARCH 25, 2014   UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).